IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| PATRICIA A. DONLEY, | ) | CASE NO. 1:10 CV 2756 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| DOST, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | <u>MEMORANDUM OPINION</u> |
| | ) | |

This matter is before the Court on Defendant, Dost, Inc., d/b/a Travelodge Mansfield's ("Dost") Motion for Summary Judgment. Plaintiff, Patricia Donley, claims that she was injured when she tripped over a defective or unreasonably dangerous threshold upon entering Dost's business. Defendant contends that there is no evidence to establish that Ms. Donley tripped on the allegedly dangerous threshold as opposed to tripping on the stairs, and that any potentially dangerous conditions were open and obvious to the Plaintiff. For the reasons set forth below, Defendant's Motion for Summary Judgment is GRANTED.

**Summary Judgment Standard**

Summary judgment is appropriate when the court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The burden of showing the absence of any such "genuine issue" rests with the moving party:

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (citing FED. R. CIV. P. 56(c)). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. The court will view the summary judgment motion in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Summary judgment should be granted if a party who bears the burden of proof at trial does not establish an essential element of their case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). Moreover, if the evidence presented is "merely colorable" and not "significantly probative," the court may decide the legal

issue and grant summary judgment. *Anderson*, 477 U.S. at 249-50 (citations omitted). In most civil cases involving summary judgment, the court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict." *Id*. at 252. However, if the non-moving party faces a heightened burden of proof, such as clear and convincing evidence, it must show that it can produce evidence which, if believed, will meet the higher standard. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989).

Once the moving party has satisfied its burden of proof, the burden then shifts to the non-mover. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be solved by a jury." *Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995). FED. R. CIV. P. 56(e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

The Federal Rules identify the penalty for the lack of such a response by the nonmoving party as an automatic grant of summary judgment, where otherwise appropriate. *Id.*

Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has concurred with the Ninth Circuit that "'it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment.'" *Wiley v. United States*, 20 F.3d 222, 225-26 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). FED. R. CIV. P. 56(e) also has certain, more specific requirements:

> [Rule 56(e)] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show

-3-

> that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

*Wiley*, 20 F.3d at 225-26 (citations omitted). However, evidence not meeting this standard may be considered by the district court unless the opposing party affirmatively raises the issue of the defect.

> If a party fails to object before the district court to the affidavits or evidentiary materials submitted by the other party in support of its position on summary judgment, any objections to the district court's consideration of such materials are deemed to have been waived, and [the Sixth Circuit] will review such objections only to avoid a gross miscarriage of justice.

*Id*. at 226 (citations omitted).

As a general matter, the district judge considering a motion for summary judgment is to examine "[o]nly disputes over facts that might affect the outcome of the suit under governing law." *Anderson*, 477 U.S. at 248. The court will not consider non-material facts, nor will it weigh material evidence to determine the truth of the matter. *Id.* at 249. The judge's sole function is to determine whether there is a genuine factual issue for trial; this does not exist unless "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.*

In sum, proper summary judgment analysis entails "the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson*, 477 U.S. at 250.

**Facts**[1]

Ms. Donley filed this litigation to recover for injuries sustained when she tripped and fell upon entering the lobby of Defendant's hotel.  On December 4, 2008, Plaintiff and her sister, Ms. Wieland, were to check in for a stay at the Travelodge.  Ms. Donley had never been to this hotel before.  Ms. Donley's sister remained in the car as Ms. Donley went in to check-in.  It was dark outside, but the lobby of the hotel was well lit, and there were lights on outside of the lobby above the entrance.  There was no precipitation and the ground was dry.  Upon entering the hotel, Ms. Donley was looking ahead into the lobby when she felt her left foot catch; she stumbled and fell to the ground.  Ms. Donley sustained injuries including two fractures in her right arm that required corrective surgeries.  There is no allegation that the hotel personnel reacted other than timely and professionally after Ms. Donley fell.

Ms. Wieland was outside when the incident occurred and did not witness her sister fall or see where her foot was caught.  After the incident, when examining the threshold, Ms. Wieland noticed that there was a "gap about 2 and a half, 3 inches wide and approximately 2 inches deep" near the threshold of the doorway where the carpeting had been pulled up.  It appeared that the lobby was undergoing some level of renovation.

Ms Donley testified at her deposition that she believes she tripped over the metal threshold part of the door jam, but that she could have tripped over the step leading up to the doorway.  (Donley Demo. At 19, 52).  She described the threshold area where she may have tripped as "slightly" uneven, or containing a "slight dip" in the threshold area.  (Id. At 42-43, 51-

---

[1]  The facts are viewed in the light most favorable to Ms. Donley, the non-moving party.  Unless otherwise stated, the facts as presented have been taken from those facts within Plaintiff's Brief in Opposition to Defendants' Motion for Summary Judgment that have evidentiary support and from Plaintiff's own deposition testimony.

52, 55). She did not measure any dip or gap in the area and cannot say with certainty what the height difference may have been. (Id. At 53-54, 56). She testifies that she was not looking where she was stepping when she fell. (Id. At 18-19, 57). There is no evidence of any other person having tripped, stumbled, or fallen when crossing the threshold of the hotel since Defendant took over operations of the hotel.

## Analysis

To survive summary judgment on her negligence claims, Ms. Donley must provide evidence that would establish or show the existence of a genuine issue of fact as to the following elements: (1) the existence of a duty; (2) a breach of that duty; and, (3) an injury proximately resulting from such a breach. *Texler v. D.O. Summers*, 81 Ohio St.3d 677 (1998); *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142. The mere fact that someone falls or is injured on a business property does not create a presumption of negligence. *Green v. Castronova*, 9 Ohio App.2d 156, 161 (1966).

Under Ohio law a hotel guest is generally considered to be an invitee onto the property. *Ray v. Ramada Inn North*, 171 Ohio App.3d 1 (2007); *Kerr-Morris v. Equitable Real Estate Inv. Mgmt.*, 136 Ohio App.3d 331, 333 (1999). An owner owes an invitee the duty of keeping the premises in a reasonably safe condition and to warn of any latent or concealed dangers that the business knew or should have know about. *See, e.g., Jones v. H.& T. Enterprises*, 88 Ohio App.3d 384, 388 (1993); *Keiser v. Giant Eagle, Inc*., 103 Ohio App.3d 173, 176 (1995). A business does not have to warn of open and obvious dangers, however. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79 (2003).

There is no evidence that would show that Dost breached its duty to keep the hotel lobby in a reasonably safe condition, or that it failed to warn of a latent or concealed danger. The testimony provided by the Plaintiff relating the "gap" or uneven area that may have been where Ms. Donley tripped is contradictory, ranging from a description of a 2 to 3 inch gap, to a description of a slightly uneven area. There is no evidence that any guest or worker had ever tripped, stumbled, or encountered any other difficulty navigating the threshold, or that Dost would otherwise have had any reason to believe that this gap or unevenness constituted a dangerous condition. Further, the threshold area was clearly visible to any guest entering the lobby. There is no question the area was well lit and there is no evidence that any gap or uneven area could not have been noticed and circumnavigated by anyone who would have looked down when they crossed the threshold.[2] Therefore, all evidence points to the conclusion that any danger arising from the threshold would have been open and obvious to a guest exercising reasonable care.

Finally, Ms. Donley has not provided testimony or other evidence sufficient to establish that the allegedly dangerous threshold was even the cause of her fall. She admitted in her

---

[2] Although, as Plaintiff has pointed out, a pedestrian is not required to look constantly downward as she walks, this does not relieve a plaintiff from looking down when it would be prudent to do so. When entering a building, crossing a threshold, going up and down steps, etc., it is reasonably prudent to look down to avoid common potential dangers. This is distinguishable from cases in which it would be more prudent to protect yourself if other dangers that might arise by failing to look forward or to survey one's surrounding, such as when crossing traffic, navigating around store displays, etc.. Both sides cite cases to support this distinction in their briefs. In this case, Ms. Donley was not surveying her surroundings to protect her from an obvious danger, rather she was looking into the lobby out of general curiosity or a natural tendency to look ahead. However, when climbing steps and entering a new threshold or entryway it would be reasonably prudent to pay more attention to the stairs, threshold and entryway to avoid any obstacles that commonly exist in such transitional areas.

deposition that it was equally possible that she tripped on the steps leading up to the entry prior to ever encountering the alleged gap or uneven threshold.  There were no witnesses who actually saw her trip, or could indicate what she had tripped on.  Further, there is no allegation that the steps or the area leading up to the threshold were unreasonably dangerous in any way.  Therefore, Ms. DONLEY has not established facts sufficient to show that the alleged dangerous condition was the proximate cause of her injuries, even if the threshold could be considered to dangerous and that danger could be considered to be latent or concealed.

## **Conclusion**

For the reasons set forth above, Defendant's motion for summary judgment is hereby GRANTED, and this case is dismissed with prejudice, each party to bear its own costs.
 IT IS SO ORDERED.

                                           /s/ Donald C. Nugent
                                          DONALD C. NUGENT
                                          United States District Judge

DATED:    December 27, 2011